UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRET J. FRAME,

                Petitioner,                Case No. 1:16-cv-13699

v.                                          Hon. Thomas L. Ludington

SHAWN BREWER,

                Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL
AND MOTION TO REMAND FOR EVIDENTIARY HEARING**

Petitioner Bret Frame has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Now before the Court are Petitioner's Motion for Appointment of Counsel, ECF No. 3, and Motion to Remand for Evidentiary Hearing, ECF No. 5.

Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Petitioner's one page motion for appointment of counsel does not allege that his case bears any unusual characteristics or otherwise establish that he is unable to advance his arguments without the aid of counsel. Accordingly, the Court determines that the interests of justice do not require appointment of counsel.

Petitioner also asks the Court to remand this matter to state court for an evidentiary hearing. This court lacks authority to remand a federal habeas corpus proceeding to state court. *United States v. Robinson*, 407 F. Supp. 2d 437, 444 (E.D. Mich. 2005). *See also Magwood v. Smith,* 791 F.2d 1438, 1449 (11th Cir. 1986) ("[A] federal district court or court of appeals has no appellate jurisdiction over a state criminal case and hence has no authority to 'remand' a case to the state courts."); *Coombs v. Diguglielmo,* 616 F.3d 255, 265 n.10 (3d Cir. 2010) (holding that federal court "do[es] not have authority under the federal habeas statutes, 28 U.S.C. § 2241 or § 2254, to remand a habeas corpus petition to a state court for an evidentiary hearing"); *Coulter v. McCann*, 484 F.3d 459, 466 (7th Cir. 2007) ("There is no authority in the habeas corpus statute for a federal court to remand or transfer a proceeding to the competent state court."). The Court must deny this motion.

Accordingly, it is **ORDERED** that Petitioner's motion for appointment of counsel, ECF No. 3, and motion to remand for an evidentiary hearing, ECF No. 5, are **DENIED.**

Dated: September 26, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager