UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRET J. FRAME,

          Petitioner,          Case No. 1:16-cv-13699

v                                             Honorable Thomas L. Ludington

SHAWN BREWER,

          Respondent.
_____/

**ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION (ECF NO. 16)**

Petitioner seeks reconsideration of the Court's order denying his Motion for Appointment of Counsel and Motion to Remand for Evidentiary Hearing. ECF No. 15. Petitioner's motion for reconsideration will be denied.

Pursuant to Local Rule 7.1(h), a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

Petitioner states that he should not have requested a remand for evidentiary hearing in his original motion and instead, should have requested an evidentiary hearing in this Court. He argues that the state court did not allow him to develop the factual record for his claims and that this Court therefore should. In *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Supreme Court held that a federal court's review of a state court decision "under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits" because the federal habeas scheme was designed to leave "primary responsibility with the state courts." *Id.* at 181-82.

Consequently, "[i]t would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo." *Id.* Put simply, "review under § 2254(d)(1) focuses on what a state court knew and did." *Id.* In this case, the state courts addressed Petitioner's claims on the merits, including those that were procedurally defaulted. Where a state court issues a decision on the merits, "district courts are precluded from conducting evidentiary hearings to supplement existing state court records." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013). The Court finds no basis for granting an evidentiary hearing.

Petitioner also disagrees with the Court's decision denying his request for appointment of counsel. Disagreement with a decision fails to allege sufficient grounds upon which to grant reconsideration. L.R. 7.1(h)(3); *see also Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998).

The Court **DENIES** Petitioner's Motion for Reconsideration (ECF No. 16).

It is so **ORDERED**.

Dated: September 20, 2018	s/Thomas L. Ludington
	THOMAS L. LUDINGTON
	United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 20, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager